UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAERSK A/S,<br><br>                Petitioner,<br><br>   -against-<br><br>U SHIPPERS GROUP INC., d/b/a<br>UNITED SHIPPERS USA,<br><br>                Respondent. | **PETITION TO COMPEL ARBITRATION** |

MAERSK A/S ("MAERSK"), by its attorneys, George W. Wright & Associates, LLC, states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h) as a case within the Court's admiralty jurisdiction as involving a maritime transaction or contract with the meaning of the Federal Arbitration Act, 9 U.S.C. §§ 2, et seq.

2. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Respondent U SHIPPERS GROUP INC. d/b/a UNITED SHIPPERS USA ("U SHIPPERS") is registered to do business and does business in the State of New York. U SHIPPERS operates in this jurisdiction and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4. Petitioner MAERSK is a Danish company engaged in business as an ocean carrier.

5. Respondent, U SHIPPERS, is a Delaware corporation engaged in business as a shippers association with a principal place of business at 85 Skillman Street, Brooklyn, New York 11205.

## THE ARBITRATION AGREEMENT

6. Pursuant to Service Contract No. 29899458 that incepted in or about June, 2020, MAERSK agreed to provide certain ocean transportation services to U SHIPPERS as a shippers association (Exhibit "1").

7. The Service Contract (Exhibit "1") contains a mandatory arbitration provision which provides in pertinent part, as follows:

**Disputes.**

In case of a dispute arising under or relating to this Contract, the Association and Carrier each agree to submit the matter under dispute to arbitration in the City of New York. Either party may call for arbitration by giving notice as provided below. The arbitration shall be before a single arbitrator to be appointed by the parties. If the parties are unable to agree on a sole arbitrator within thirty days after notice of the dispute, either party may apply to the President of the Society of Maritime Arbitrators, Inc. ("SMA") at New York of the appointment of the arbitrator, and the SMA President shall select the arbitrator from the SMA roster of members....

8. By letter, dated May 22, 2022, counsel for U SHIPPERS served a written "Demand for Arbitration under Service Contract 298299458" ("Arbitration Demand") on MAERSK (Exhibit "2").

9. During June 27-30, 2022, counsel for U SHIPPERS and MAERSK engaged in written and telephone communications with respect to proceeding with arbitration in accordance with U SHIPPERS' Arbitration Demand (Exhibit "2").

10. On June 30, 2022, counsel for MAERSK sent an email to counsel for U SHIPPERS requesting U SHIPPERS' agreement to appoint an SMA arbitrator to conduct the arbitration proceeding demanded by Respondent.

11. Counsel for MAERSK received no response to their June 30, 2022 email from U SHIPPERS.

12. On August 30, 2022, U SHIPPERS filed a Verified Complaint with the Federal Maritime Commission ("FMC") (Exhibit "3").

13. Respondent U SHIPPERS' Verified Complaint (Exhibit "3") filed with the FMC repeatedly references the parties' Service Contract (Exhibit "1," ¶¶ 14, 15, 17, 18, 20, 21, 22, 26, 32, 33, 34, 37, 40 and 44).

14. U SHIPPERS' FMC-filed Verified Complaint (Exhibit "3") further alleges that MAERSK's purported breaches of the Service Contract have resulted in monetary damages to U SHIPPERS "believed to be in excess of $180 million…" (Exhibit "3," ¶¶ 46(f),(g), (h) and 47).

15. Respondent U SHIPPERS has demanded arbitration with MAERSK pursuant to the parties' Service Contract (Exhibits "1" and "3"), but failed to proceed with arbitration and, instead, has filed an FMC Complaint (Exhibit "3") alleging claims against MAERSK for Service Contract breaches and monetary damages that are arbitrable under the parties' Service Contract (Exhibit "1").

16. Respondent U SHIPPERS' Arbitration Demand (Exhibit "2") to MAERSK acknowledges that Respondent's breach of contract claims against MAERSK are arbitrable under the parties' Service Contract (Exhibits "1" and "3") and, therefore, the FMC lacks subject matter jurisdiction over such contractual claims pursuant to 46 U.S.C. Sec. 40502(f).

17. To the extent U SHIPPERS' FMC-filed Verified Complaint (Exhibit "3") asserts breach of contract claims that are subject to arbitration and beyond the FMC's subject matter jurisdiction, MAERSK requests that U SHIPPERS be ordered to arbitrate all such contractual claims.

18. MAERSK seeks no relief from this Honorable Court with respect to U SHIPPERS' claims asserted in its FMC-filed Verified Complaint (Exhibit "3") under the Shipping Act.

WHEREFORE, Petitioner MAERSK A/S respectfully requests an Order directing Respondent U SHIPPERS GROUP INC. d/b/a UNITED SHIPPERS USA to proceed with arbitration in accordance with the Service Contract and Respondents' own Arbitration Demand, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 26, 2022

GEORGE W. WRIGHT & ASSOCIATES, LLC

By: _____
GEORGE W. WRIGHT
Attorneys for Petitioner
88 Pine Street, 7th Floor
New York, NY 10005
(201) 342-8884